# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Palmetto Marketing Associates, Inc., ) <br> and Vicki M. Ragin, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Wesley C. "Wes" Levitt, Richard "Rick" ) <br> Sutter, Philip "Phil" Brimer, Marie Cail ) <br> Taylor, Allstate Insurance and American ) <br> Heritage Life Insurance Co., ) <br> ) <br> Defendants. ) <br> _____) | C/A No.: 3:10-3082-JFA <br><br><br><br> **ORDER** |

This matter is before the court upon Plaintiff Palmetto Marketing Associates, Inc. and Vicki M. Ragin's ("Plaintiffs") motion to remand. The Defendants removed this matter from the Richland County Court of Common Pleas on the basis that two of the named Defendants, Wesley Levitt ("Levitt") and Marie Taylor ("Taylor"), constituted fraudulently joined defendants. Defendants contend that once the court ignores these two non-diverse defendants, the court may properly assert its subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). And "[b]ecause removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, remand is necessary." *Id.*

Moreover, "[t]o show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility

that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted). None of the Defendants allege any bad faith in Plaintiffs' pleading of jurisdictional facts, so the court must only inquire into whether Plaintiffs have any possibility of recovery against Levitt or Taylor. "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Id.* at 425. In order to determine whether a pleading is fraudulent, the court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available. *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.,* 903 F.2d 1000, 1004 (4th Cir. 1990). After considering the parties' briefs, the court determines that neither Levitt nor Taylor is fraudulently joined.

In their complaint, Plaintiffs assert a civil conspiracy claim, among others, against both Levitt and Taylor. The court acknowledges the dispute between the parties with respect to which state's law governs this claim, but regardless of whether South Carolina law[1] or Florida law[2]

---

[1] Under South Carolina law, "[t]he tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009) (citation omitted). A claim for civil conspiracy under South Carolina law "must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint," *id.*, and "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action, *id.*

[2] Under Florida law, "[a] civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159–60 (Fla. Dist. Ct. App. 2008) (internal quotation omitted). Moreover, "[e]ach coconspirator need not act to further a conspiracy; each need only

governs, the court finds there is at least a possibility that Plaintiffs would be able to establish a civil conspiracy cause of action against these in-state defendants in state court. In their complaint, Plaintiffs allege that the Defendants, including Levitt, engaged in actions and communications that unlawfully diverted commissions from Plaintiffs. (Compl. ¶¶ 61–62.) They further allege that the Defendants, including Levitt, took steps to hide their own misconduct—and took steps to assist the Glowackis' in the carrying out of their misconduct—by blocking Plaintiffs' access to the records of certain policies serviced and/or originated by Plaintiffs. (*Id.* ¶ 63.) Therefore, Plaintiffs contend that Levitt and Taylor acted in concert with the Glowackis in a manner that hurt Plaintiffs' business reputation and caused them to incur economic loss and lose business relationships. (*See id.* ¶ 96.) Based on the allegations of this cause of action alone, the court does not find that Defendants Levitt and Taylor were fraudulently joined in this suit. As such, it refrains from addressing the other causes of action asserted by Plaintiffs in their complaint and remands this matter to state court. The court further finds Defendants' motion to dismiss moot.

    IT IS SO ORDERED.

March 1, 2011                                                                  Joseph F. Anderson, Jr.  
Columbia, South Carolina                                  United States District Judge

---

know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." *Id.* at 1160 (internal quotations omitted).